UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DAVID DEGEUS,<br><br>                          Plaintiff,<br><br>v.<br><br>DEPARTMENT OF CHILD SUPPORT SERVICES and SAN DIEGO DISTRICT ATTORNEY,<br><br>                        Defendants. | Case No.:  24-cv-0055-WQH-AHG<br><br>**ORDER** |

HAYES, Judge:

    The matter before the Court is the Request for Extension to File Second Amended Complaint (ECF No. 10) filed by Plaintiff David DeGeus.

**I.    BACKGROUND**

    On April 22, 2024, Plaintiff filed the First Amended Complaint ("FAC"). (ECF No. 5.) On July 8, 2024, the Court sua sponte dismissed Plaintiff's FAC for failure to state a claim upon which relief can be granted. (ECF No. 7.) Plaintiff was granted sixty (60) days to file a Second Amended Complaint. *Id.* at 11. On September 6, 2024, Plaintiff filed the Request for Extension to File Second Amended Complaint. (ECF No. 10.)

**II.    REQUEST FOR EXTENSION TO FILE SECOND AMENDED COMPLAINT**

    Pursuant to Federal Rule of Civil Procedure 15(a)(2), "[t]he court should freely give leave" for a party to amend his pleading "when justice so requires." Fed. R. Civ. P. 15(a)(2).

Nevertheless, the Court also has "the inherent authority to manage [its] dockets … with a view toward the efficient and expedient resolution of cases." *Dietz v. Bouldin*, 579 U.S. 40, 47 (2016); *see Gonzalez v. Planned Parenthood of L.A.*, 759 F.3d 1112, 1116 (9th Cir. 2014) ("[T]he district court's discretion in denying amendment is 'particularly broad' when it has previously given leave to amend." (quoting *Miller v. Yokohama Tire Corp.*, 358 F.3d 616, 622 (9th Cir. 2004))).

Plaintiff seeks a six-month extension "to cure the *Younger* abstention barrier by bringing 'the state proceedings Plaintiff discusses in the FAC' to conclusion." (ECF No. 10 at 1 (quoting ECF No. 7 at 6–7).) He also intends "to cure the defects referenced in [the Court's Order] with regard to [42 U.S.C. § 1983]." *Id.* (citing ECF No. 7 at 7–9).

The Court concludes that a limited extension is warranted to permit Plaintiff to cure the defects he identifies in his request. However, Plaintiff fails to make a sufficient showing that "justice so requires" an extension of six months, particularly given that the Court has previously afforded Plaintiff opportunities to amend his Complaint. Fed. R. Civ. P. 15(a)(2); *see* ECF No. 4 at 10; ECF No. 7 at 11.

### III.  CONCLUSION

IT IS HEREBY ORDERED that Plaintiff's Request for Extension to File Second Amended Complaint (ECF No. 10) is granted in part. No later than sixty (60) days from the entry of this Order, Plaintiff may file an amended complaint, entitled "Second Amended Complaint," which cures the defects in the FAC identified by the Court (*see* ECF No. 7). If no amended complaint is filed, the Court will direct the Clerk of Court to close the case.

Dated:  September 24, 2024

Hon. William Q. Hayes
United States District Court